UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  1:07-cr-148 |
|     Plaintiff, | : | (Judge Sandra Beckwith) |
| | : | |
| vs. | : | |
| | : | |
| PADRON THOMAS, | : | |
|     Defendant. | : | |

SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT,
PADRON THOMAS

This Sentencing Memorandum is offered to the Court in an effort to assist it in fashioning a sentence that will address all of the underlying issues.  It is not intended as a substitute for the Presentence Report prepared and filed by the U.S. Probation and Parole Department.  Counsel is providing additional information with hope he can supplement the Report.  This should allow the Court to impose a sentence, which punishes Mr. Thomas in such a way the Government and he will believe their interests have been fairly heard.  At the same time, counsel and Mr. Thomas are aware the public at large has an interest in how this matter is handled.

Following the United States Supreme Court decision in *Booker* a District Court is required to consider guideline ranges…but [permits] the Court to tailor a sentencing in light of other statutory concerns as well.  18 U.S.C. §3553 (a) which survived the opinion, articulates the "statutory concerns" that should now guide sentencing judges.  Of course, the usual factors such as deterrence, the need to protect the public and to reflect the seriousness of the offense are still important.  See, §3553 (a)(2). The courts are now required to consider the nature and circumstances of the offense and the history and characteristics of the offense and the history and characteristics of the defendant, "§3553 (a)(1); "the kinds of sentence and sentencing range established" by the Guidelines, §3553 (a)(4); "any pertinent public policy…" §3553 (a)(5); and "the need to avoid unwarranted sentencing disparities…"

§3553 (a)(6). For sentencing purposes, after considering the advisory guideline range and §3553 (a) factors, a sentencing judge is permitted to impose a sentence within a statutorily prescribed range.

Federal Rule of Criminal Procedure survived the rulings in *Booker* and *FanFan*. Under F.R.Cr.P. 32, a district court must review the Presentence report, resolve any factual objections and articulate a basis for the sentence. That basis must now include a discussion of the §3553 factors and articulation of the reasons for the sentence.

In the Sentencing Reform Act of 1984, Congress directed the Sentencing Commission to assure the purposes of sentencing set forth in 3553(a)(2) were met, to ensure that the guidelines were effective in meeting those purposes, to reflect advancement in knowledge of human behavior, to minimize the likelihood of prison overcrowding, and to avoid unwarranted disparities while ensuring sufficient flexibility to permit individualized sentences.[1] After Booker, judges must impose sentences sufficient but not greater than necessary to achieve the statutory purposes of sentencing after considering the history and **characteristics of the defendant**, the kinds of sentences available, the need to avoid unwarranted disparities and the need to provide restitution. (emphasis added)

Had the guidelines been developed according to these directives, there would be substantial overlap between the guidelines and §3553(a). However, the manner in which the guidelines were developed, it is rare when a sentence within the guideline range meets §3553 requirements.

When developing guidelines some commissioners sought to include relevant factors such as age, employment history, and family ties. They were not because as with other areas of guideline development, the Commissioners could not agree on their inclusion.[2] No other offender characteristics have been added since the original drafting of the guidelines despite the Commission's own research demonstrating that age, current or previous marriage, employment history, educational level,

---

[1] 28 U.S.C. §§991(b), 994(g).
[2] Breyer, *Federal Sentencing Guidelines Revisited*, 11 Fed. Sent. R. 180 note 26 at 19-20

abstinence from drug use, offender status all predict a reduced risk of recidivism.[3] Instead of incorporating these factors, the Commission has prohibited, discouraged or restricted most offender characteristics even as grounds for departure, contrary to past practice,[4] beyond what Congress directed, and beyond what the original Commission intended.

Mr. Thomas submits his educational level, family ties, age, willingness to engage in drug treatment and post arrest behavior are factors not considered in the guidelines but must be reviewed and considered by this court when complying with the mandates of §3553(a) and *Booker*.

The Presentence Report

Counsel has already provided his objections to the Presentence Report.[5] Issues of "career offender", consecutive sentencing and calculations must still be resolved. Counsel believes the Final Pre Sentence Report correctly states his position on the objections.

Padron Thomas' Background

The Presentence report provides this court with an overview of Mr. Thomas' life leading up to the arrest in this case. Counsel has provided this court with letters in support of Mr. Thomas. The letters are intended to be incorporated into this memorandum but sent under the cover of a separate letter. Additionally, pictures of Mr. Thomas and his family have been provided separately in order to provide this Court with additional information and context with which to place Mr. Thomas' life when considering the sentence in this case.

---

[3] *Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines* (May 2004); http://www.ussc.gov/publicat/RecidivismSalientFactorCom.pdf
[4] Breyer, supra, note 26
[5] Correspondence provided under separate cover

Recidivism

Mr. Thomas stands before this court a 41 year old man facing a substantial sentence. Age is a powerful component of recidivism prediction which the guidelines do not take into account.[6] Recidivism rates decline relatively consistently as age increases.[7] Recidivism rates decrease with increasing educational levels. (No high school, high school, some college, college)[8]

Sentencing Recommendation

Counsel has come to know Padron Thomas and his family. In spite of his error in judgment, I have been impressed by his love and devotion to his family. Upon his release from prison, Mr. Thomas had no desire to return to a life which risked arrest, prosecution and incarceration. A job and the responsibility to support his family were his immediate goals. Despite no work history and a lengthy period of incarceration, he was able to obtain a job he enjoyed, he was good at and he could see keeping for a long time. Unfortunately a quick burst of anger brought on unemployment and a conviction for assault. That did not end the need to provide for his family. It was this sense of responsibility which led him to consider selling marijuana.

Mr. Thomas only speaks of his children during visits. His concern for the missed opportunity to raise his oldest daughter. A tear comes to him when he talks of her accomplishments in graduating, attending college and "making it." He will break down and cry when talking about missing the chance to raise his other children. He considers Ms. White's children to be his in addition to his own. The tears, regret and remorse are genuine.

---

[6] *Salient Factor Score*, supra note 32, at 8, 13-15
[7] *Measuring Recidivism*, supra note 32 at 12 and Exhibit 9
[8] Id.

Mr. Thomas was faced with choices after his indictment in this case. He could go to trial, he could enter a plea, and he could remain silent on other family member's criminal behavior or cooperate in the shooting death of a man outside a nightclub in Cincinnati. He entered a plea in this case. He also cooperated with Cincinnati Homicide and the Hamilton County Prosecutor's Office as they prosecuted his brother for murder. He testified against his own brother regarding his shooting. Before this occurred, he tried with every ounce of energy to convince his brother to surrender and admit his involvement. When that failed, Mr. Thomas accepted his responsibility and testified in open court for the prosecution.

The actions of co-defendants, relevant conduct of co-defendants and their culpability all need to be taken into account when considering a sentence in this case. Maurice and Marcus Ferguson's access to firearms was no different than Mr. Thomas' access. Mr. Lipscomb, Marcus and Gambrell had possessed and had access to firearms. Mr. Foreman, Ferguson and Lipscomb maintained homes in two states to obtain, package and sell marijuana. Mr. Maurice Ferguson, Marcus Ferguson and Mr. Foreman all were involved in this conspiracy when Mr. Thomas was still incarcerated. They were involved but Mr. Thomas was not while Mr. Thomas worked and provided for his family. Mr. Thomas is one of the few "late comers" to this conspiracy. This also should impact the sentence received in this case.

<u>5 Year Mandatory Minimum Consecutive is not required</u>

18 USC 924 (c)(1)(A) provides:

"Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law…shall in addition to the punishment provided for such crime of violence or drug trafficking crime-

(i)        Be sentence to a term of imprisonment of not less than five years;"

The Sixth Circuit has addressed whether the statute requires a consecutive sentence where there is a greater sentence required for the underlying crime of violence or trafficking offense.  See, *United States v. Jolivette*, 257 F.3d 581 (6th Cir. 2001).  However, specifically noted was the fact that "no court has read that language as *Jolivette* asks us to read it." at 586.

Since the *Jolivette* decision the Second Circuit has issued its opinion in *U.S. v. Leon Washington*, ___F.3d ___ WL 563644 (2nd 2009) following its decision in *U.S. Whitley*, 529 F.3d (2nd Cir) holding the 5 year mandatory consecutive does not apply where the predicate drug trafficking crime carried a 10 year mandatory minimum.  Specifically rejecting the decision in *United States v. Parker*, 549 F.3d 5, 1st Cir. 2008).  Padron Thomas respectfully requests this court adopt the reasoning of *Washington* and *Whitley*.

The literal reading of 924 (c) provides there should be no consecutive sentence in this case. Any statutory analysis begins with the plain meaning of the law.  Absent any ambiguity the analysis will generally end there. *Puello v.  BCIS*, 511 F.3d 327 (2nd Cir. 2007).  No ambiguity exists in this provision.

To find some other meaning in this section would require this court to insert additional meaning or words into the statute.  That would be contrary to current Supreme Court law. In *United States v. Rodriquez*, the Court rejected the defendant's attempt to "read" 18 U.S.C. 924(e) as referring to "the maximum term of imprisonment prescribed by law' for a defendant with no prior convictions that trigger a recidivist enhancement, because "that is not what section 924 (e) says," 128 S.Ct. 1783, 1788 (2008).  "Any other provision of law is susceptible to a plain reading.  There is a small number of offenses which require mandatory minimum sentences, mostly narcotic and firearm crimes but also for some violent offenses and other weapon offenses.  It is clear from a plain reading of the statute that a consecutive sentence for the 924 (c) violation is not mandatory in Padron Thomas' case.

The demise of the Federal Sentencing Guidelines gives this Court the authority to fashion a sentence that will punish Mr. Thomas sufficiently, but not destroy his life and that of his family. A Sentence of 120 months would sufficiently punish Mr. Thomas; it would not demean the offense. It would not create an unwarranted disparity with other sentences. It would adequately protect the public and promote respect for the law. It would permit Mr. Thomas to engage in treatment services and seek the availability of early release programs.

Respectfully submitted,
**S/William Gallagher**
William Gallagher
Attorney for Defendant
Arenstein & Gallagher
The Citadel
114 East Eighth Street
Cincinnati, Ohio 45202
(513) 651-5666
Fax: (513) 651-5688
E-mail: WRG35@aol.com

CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2009 I electronically filed the foregoing with the Clerk of the Court through use of the ECF filing system and served a copy on Kenneth Parker, Assistant U.S. Attorney.

**S/William Gallagher**
WILLIAM GALLAGHER
Attorney for Defendant
